[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM RE: MOTION REGARDING TAX EXEMPTIONS #322
This is the defendants motion seeking dependency tax exemptions for the five minor children for the tax year 1997. The parties were divorced on September 11, 1995 and the Memorandum of Decision filed by Judge Driscoll was silent as to which party was entitled to the tax exemptions. The issue before the court was previously raised by the defendant as to the tax year 1996 and resolved before Judge Shortall who by his decision dated April 29, 1997 decided that the plaintiff should be entitled to one exemption and that the defendant should be entitled to the remaining four exemptions so long as the defendant reimbursed the plaintiff for the tax liability she would incur if she took one dependency tax exemption. Apparently given the plaintiff's taxable income in the year 1996, by taking one exemption she would have only a minimal tax of $40.00. The court therefore ordered that if the defendant reimbursed the plaintiff in that amount she would in effect not have any tax expense and the defendant who had substantial taxable income could take advantage of the remaining tax exemptions.[1] Judge Shortall found that with this allocation the "overall financial interests of the children are not diminished."
Both parties agree that this court has the authority underSerrano v. Serrano, 213 Conn. 1 (1989) to designate federal tax exemptions. The plaintiff argues, however, that in order for the court to modify the judgment as the defendant now seeks, would require that the defendant demonstrate a substantial change in circumstances from the date of the judgment, September 11, 1995. Whether the court was justified in making orders involving income tax exemption post judgment and whether it was required to find a substantial change in circumstances if it did make such modification should have been raised within the appealable period after Judge Shortall ruling. Since the court does not intend to CT Page 179 disturb Judge Shortall's ruling this court need not decide these questions. There is a question whether Judge Shortall's ruling really modified the support orders since he found that it did not diminish the financial interests of the children. In any event the court will order that the parties determine for the taxable year 1997 the most efficient use of the federal tax exemptions to accomplish a zero tax expense to the plaintiff with the defendant reimbursing the plaintiff for any actual taxes she might be obligated to pay with taking the exemptions necessary to minimize her tax and yet allowing the defendant to utilize the remaining exemptions. In short the court will order the parties apply the same formula used by Judge Shortall to determine the tax exemptions for the taxable year 1997 and every year thereafter until further order of this court or until the defendant's obligation for support shall terminate. Upon the receipt of any amount that is due to the plaintiff, the plaintiff will promptly execute the necessary IRS form to allow the defendant to take his allocated exemptions. If the parties are unable to agree on the amount and or the allocated exemptions in accordance with Judge Shortall's formula then the parties shall return to seek the advice of the court and the court will make the necessary computations with the assistance of a qualified tax advisor and will order that the parties share in the expense of such expert advice.
PELLEGRINO, J.